**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**OCTAVIO LEON,**

      **Plaintiff,**

**v.**                                        **Case No.  8:12-cv-1613-T-30MAP**

**THE FIRST LIBERTY INSURANCE**
**CORPORATION,**

      **Defendant.**
_____/

**ORDER**

THIS CAUSE comes before the Court, *sua sponte*.  Plaintiff Leon filed a Motion to Remand to State Court and Supporting Memorandum (Dkt. 17) and Defendant First Liberty filed an opposing Response to Plaintiff's Motion to Remand (Dkt. 18).  In their discussions related to diversity of citizenship, both parties erroneously point to the abrogated Eleventh Circuit test of "total activities" to determine the citizenship of a corporation.  Due to reliance on the wrong standard, Defendant First Liberty failed to provide adequate information for the Court to determine where its principle place of business exists under the "nerve center" test articulated in *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).  Specifically, Defendant First Liberty neglected to provide evidence on where its "officers direct, control, and coordinate the corporation's activities." *Id.* at 1192.  Therefore, Defendant First Liberty shall supplement its response to the motion to remand by providing more information as to where

corporate decisions are made, including where its officers work and live, where its Board of

Directors meets, and from where corporate decisions are made.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant shall within seven (7) days of this Order supplement its Response

to Plaintiff's Motion to Remand (Dkt. 18) with the information required under

the "nerve center" test articulated in *Hertz Corp. v. Friend*, 130 S.Ct. 1181

(2010).

**DONE** and **ORDERED** in Tampa, Florida on October 25, 2012.

_____

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-1613.supplementremandresponse.frm