UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**OCTAVIO LEON,**

    **Plaintiff,**

v.                                                 Case No.  8:12-cv-1613-T-30MAP

**THE FIRST LIBERTY INSURANCE CORPORATION,**

    **Defendant.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment and Supporting Memorandum of Law (Dkt. 19) and Plaintiff's Motion for Enlargement of Time to Respond to the Defendant's Motion for Summary Judgment and Supporting Memorandum (Dkt. 21).  The Court, having reviewed the motions and being otherwise advised of the premises, concludes that the motions should be denied.

This is an action for damages arising out of an insurance policy Defendant First Liberty Insurance Corporation issued to Plaintiff Leon.  Leon contends that his property suffered damages consistent with sinkhole activity; a covered cause of loss.  The issue before the Court on First Liberty's summary judgment motion on its counterclaim is whether a 2011 amendment to the Florida statutory scheme governing sinkhole insurance that added a statutory definition of "structural damage" should be applied retroactively to the insurance policy at issue.  As this Court has recently held in a nearly identical case, *Zawadzki v. Liberty*

*Mutual Fire Ins. Co.*, 2012 WL 365645 (M.D. Fla. Aug. 23, 2012), the summary judgment motion should be denied because retroactive application of the 2011 statutory definition of "structural damage" would impair Leon's vested contractual rights under the policy. *See Bay Farms Corp. v. Great American Alliance Ins. Co.*, 835 F. Supp. 2d 1227 (M.D. Fla. 2011).

At all material times, Leon owned the property located at 27846 Breakers Drive, Wesley Chapel, Florida (the "subject property"). First Liberty insured the property under policy number H36-258-309163-701 (the "subject policy"), with effective dates of April 29, 2011 through April 29, 2012. The subject policy provides coverage for Sinkhole Loss as follows:

### SECTION 1 - PERILS INSURED AGAINST

The following perils are added:

**Sinkhole Loss**

a.  Sinkhole Loss means structural damage to the building, including the foundation, caused by sinkhole activity. Contents coverage shall apply only if there is structural damage to the building caused by sinkhole activity.

(1) We will pay to stabilize the land and building and repair the foundation in accordance with the recommendations of a professional engineer and in consultation with you.

b.  Sinkhole Activity means settlement or systematic weakening of the earth supporting such property only when such settlement or systematic weakening results from movement or raveling of soils, sediments, or rock materials into subterranean voids created by the effect of water on a limestone or similar rock formation.

The SECTION I - Earth Movement exclusion does not apply to this peril.

On July 27, 2011, while the policy was in effect, Leon made a claim with First Liberty for damage to the subject property that was consistent with sinkhole activity. First Liberty retained SDII Global Corporation to conduct a structural evaluation of the subject property. SDII produced a report, opining that "within a reasonable professional probability, that structural damage as defined by § 627.706(2)(k) Florida Statutes does not exist at the Leon residence." SDII also concluded that "the observed damage on the exterior and interior of the structure is cosmetic in nature, in that the damage has not impaired the ability of the structure to support intended loads."

On August 25, 2011, First Liberty sent Leon a letter denying coverage for the subject damage based on SDII's findings. Leon then filed suit in state court for an alleged breach of the subject policy. The state court action was removed to this Court on July 20, 2012.

In addition to its answer and affirmative defenses, First Liberty filed a counterclaim for declaratory judgment. First Liberty's counterclaim asserts that the language of the subject policy provides no coverage for the damages claimed by the Garcias unless that loss includes "structural damage." Notably, the subject policy does not define the term "structural damage." Moreover, the subject policy does not purport to incorporate by reference any existing statutory definitions, nor does it include language expressly making changes to statutory definitions retroactively applicable to claims arising under the subject policy. However, First Liberty urges the Court to accept the 2011 amendment to the Florida statutory scheme governing sinkhole insurance that added a statutory definition of "structural damage."

As noted above, this Court recently denied an identical summary judgment motion by Liberty Fire Insurance Company (8:12-c-v-950-JSM-MAP, Dkt. 17).  For all the reasons discussed in that opinion, *Zawadzki*, 2012 WL 3656456, the Court reaffirms that the 2011 amendment does not retroactively apply to insurance policies that predate its enactment.  Additionally, the Court again concludes that the phrase "structural damage" should be read according to its plain meaning as the court recently held in *Ayres v. USAA Casualty Insurance Company*, 2012 WL 1094321 (M.D. Fla. April 2, 2012).  Therefore, "'structural damage' is defined as damage to the structure." *Zawadzki*, 2012 WL 365645, at *6.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion for Summary Judgment and Supporting Memorandum of Law (Dkt. 19) is DENIED.

2. Plaintiff's Motion for Enlargement of Time to Respond to the Defendant's Motion for Summary Judgment and Supporting Memorandum (Dkt. 21) is DENIED as moot.

**DONE** and **ORDERED** in Tampa, Florida on November 6, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-1613.sumjudg.frm